Kenneth S. Hixson, Judge, dissenting. The majority in this ease has not resolved the real issue of whether Theresa Barclay sustained an occupational disease. IflBecause Barclay failed to prove all the elements required to establish a compensa-ble occupational disease, I would reverse the Commission’s decision awarding benefits. Therefore, I respectfully dissent. The evidence demonstrated that Barclay was exposed to mold in the workplace over a period of several years, that she was diagnosed with mold allergies, and that she developed migraine headaches. However, as argued by appellant ADCC, Barclay failed to show that she has an “occupational disease” as defined under the Workers’ Compensation Act. The definition of “occupational disease” is “any disease that results in disability or death and arises out of and in the course of the occupation or employment[.]” Ark. Code Ann. § 11-9-601(e)(1)(A). So, to be entitled to benefits, Barclay was required to prove that her alleged disease resulted in disability or death. Obviously, it did not result in death, so Barclay had to prove a disability. Pursuant to Ark. Code Ann. § 11-9-102(8), “disability” is defined as “incapacity because of compensable injury to earn, in the same or other employment, the wages which the employee was receiving at the time of the compensable injury.” In this case, the Commission found that Barclay did not sustain a disability and, therefore, denied both her claim for temporary disability benefits and her claim for wage-loss. Although Barclay challenges the Commission’s denial of her claim for disability benefits in her cross-appeal, I would affirm the denial as being supported by substantial evidence.[10] The Commission noted that Barclay is highly educated and that she had continued working |infor ADCC for a period of several years with the same symptoms. Applying the plain terms of the Workers’ Compensation Act, Barclay failed to prove a compensable occupational disease because she failed to prove that it resulted in disability or death. In affirming the Commission’s decision in this case, the majority does not address whether the Commission erred in finding a compensable occupational disease; instead, it relies solely on the Commission’s alternative finding that Barclay suffered an “inhalant injury.” However, there can be no compensable “inhalant injury” under the facts of this case. Because Barclay claimed that her injury was a result of mold exposure over a period of several years, this could not be classified as an injury caused by a specific incident identifiable by time and place of occurrence. Nor could this be classified as a gradual-onset injury, because such injuries are compen-sable only if they are a back or neck injury, hearing loss, or are caused by rapid repetitive motion, all of which are undis-putedly absent in this case. See Ark. Code Ann. § 11—9—102 (4) (A) (ii). While this court has previously recognized an inhalant injury as a compensable injury, those cases involved injuries occurring at a specific time and place such as smoke inhalation or chemical inhalation. See Martin Charcoal, Inc. v. Britt, 102 Ark. App. 252, 284 S.W.3d 91 (2008); Bohannon v. Walmart Stores, Inc., 102 Ark. App. 37, 279 S.W.3d 502. In this case Barclay claimed an injury as a result of inhaling a substance over a period of years, which could only be a compensable event if sustained as an occupational injury as defined by the Act. Affirming the Commission on alternate grounds and allowing Barclay’s long-term mold inhalation to qualify as a compensable inhalant injury is a considerable expansion [ n of the Workers’ Compensation Act and is a task, by statute, reserved to the legislature. See Ark. Code Ann. § 11-9-1001. Harrison, J., joins in this dissent. Charles H. McLemore Jr., Public Employee Claims Division, for appellant. Reid, Burge, Prevallet & Coleman, by: Richard A. Reid, for appellee. . The majority opinion affirmed Barclay’s cross-appeal without reaching the merits based on its holding that her argument was not sufficiently developed or supported by convincing legal authority. In my view, Barclay sufficiently presented the issue to this court, but her argument fails on the merits.